IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISRAEL CORONEL,           )<br>    ID # 1780504,             )<br>        Petitioner,             )<br>vs.                             )<br>                                  )<br>LORIE DAVIS, Director,  )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondents.         ) | No. 3:16-CV-0938-M (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

**I.  BACKGROUND**

Israel Coronel (Petitioner) challenges his conviction for aggravated sexual assault of a child. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.     Procedural History**

On November 16, 2009, the State of Texas indicted Petitioner for aggravated sexual assault of a child in Cause No. F09-60181. (*See* doc. 16-20 at 109.)[1] He pleaded not guilty and was tried before a jury in the 283rd Judicial District Court of Dallas County, Texas. On March 26, 2012, 2011, the jury convicted him, and he was sentenced to 50 years' imprisonment. (*See id*. at 125.) The judgment was affirmed on appeal. *See Coronel v. State*, 416 S.W.3d 550 (Tex. App. – Dallas 2013). His petition for discretionary review was refused. *See Coronel v. State*, PD-1101-13 (Tex.

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Crim. App. Dec. 18, 2013). He did not file a petition for writ of certiorari.

Petitioner's first state habeas application was signed on December 3, 2014, and received by the state court on December 11, 2014. (*See* doc. 16-20 at 6, 21.) It was denied without written order on July 8, 2015. (*See* doc. 16-19); *see Ex parte Coronel*, WR-83,257-02 (Tex. Crim. App. July 8, 2015).

His second state habeas application was signed on August 25, 2015, and received by the state court on September 3, 2015. (*See* doc. 16-23 at 4, 21.) It was dismissed on October 21, 2015, as a subsequent application under Texas Code of Criminal Procedure article 11.07, § 4. (*See* doc. 16-21); *see Ex parte Coronel*, WR-83,257-03 (Tex. Crim. App. Oct. 21, 2015). His motion for reconsideration was denied on November 10, 2015. (*See* doc. 16-22 at 1); *see Ex parte Coronel*, WR-83,257-03 (Tex. Crim. App. Nov. 10, 2015.

His third state habeas application was signed on March 28, 2017, and received by the state court on April 10, 2017, and on May 24, 2017, it was dismissed as a subsequent application under Texas Code of Criminal Procedure article 11.07, § 4. *See Ex parte Coronel*, WR-83,257-04 (Tex. Crim. App. May 24, 2017).

**B.     Substantive Claims**

Petitioner's federal petition raises the following grounds:

(1)    The evidence was insufficient to support the conviction;

(2)    The trial court did not allow Petitioner to present evidence;

(3)    The State used perjured testimony;

(4)    The trial court allowed hearsay evidence;

(5)    The indictment was invalid;

2

    (6)    Evidence was illegally obtained;

    (7)    Counsel was ineffective at trial for failing to object to a warrant; have a defensive strategy; object to testimony; secure an expert witness; show the complainant's propensity to lie; and investigate the complainant's performance in school when she was five years old;

    (8)    Counsel was ineffective on appeal for failing to challenge the sufficiency of the evidence and raise evidentiary issues;

    (9)    His interpreter was unprofessional and did not provide a complete and accurate translation;

    (10)    He is innocent based on newly discovered evidence that the complainant said that the case was a lie that was made up by her aunt.

(*See* doc. 3 at 8-13.) Respondent contends that the petition is barred by the statute of limitations. (*See* doc. 17.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.**    <u>**Calculation of One-Year Period**</u>

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

3

>    State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id. § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final.[2] His petition for discretionary review was refused on December 18, 2013. The judgment became final on March 18, 2014, when the ninety-day period for filing a petition for writ of certiorari expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)). He had until March 18, 2015, to file his federal habeas petition, absent any tolling of the statute of limitations.

**B.**     **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's first state habeas application was signed and deemed mailed on December 3, 2014, and it was denied on July 8, 2015. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court).

---

[2] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

4

The limitations period was tolled for 218 days while the first state application was pending, making his federal petition due no later than October 22, 2015. His second state habeas application was signed and deemed mailed on August 25, 2015, and it was dismissed on October 21, 2015. The limitations period was tolled another 58 days, so the § 2254 petition was due no later than December 19, 2015. Because December 19, 2015, was a Saturday, the petition was due on Monday, December 21, 2015. *See* Fed. R. Civ. P. Rule 6(a)(1)(C) (if the last day of a period falls on a Saturday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday). Petitioner's third state habeas application was signed and deemed mailed on March 28, 2017. The limitations period had already expired, so he is not entitled to statutory tolling for that habeas application. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period). Petitioner filed his § 2254 petition on March 29, 2016, the date that it was mailed.[3] It is therefore untimely.

C. **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party]

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

**D.     Actual Innocence**

Petitioner contends that he is actually innocent. In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id*. at 386, 399. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id*. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

6

eyewitness accounts, or critical physical evidence—that was not presented at trial." *Floyd v. Vannoy*, No. 17-30421, 2018 WL 1663749 at *6-7 (5th Cir. Apr. 6, 2018).

Petitioner claims that he has been told that the complainant said that she lied at trial at the urging of her aunt. He has not presented any evidence in support of his claim of innocence, so he has not shown that the untimeliness of his federal petition should be excused. *See id.*; *Henderson v. Stephens*, 2014 WL 1600621 at *4 (S.D. Tex. Apr. 21, 2014) (untimeliness of petition not excused where petitioner did not present evidence to support his allegation of new evidence of innocence). Petitioner has not presented a claim of actual innocence sufficient to overcome the limitations bar, so he has not shown that he is entitled to equitable tolling.

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 9th day of April, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE